IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASSANDRA BUCKLEY, individually and On behalf of those similarly situated, <br><br> PLAINTIFF, <br><br> v. <br><br> S.W.O.R.N. PROTECTION LLC and MICHAEL DELONG, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO.: 1:20-CV-357 <br> ) <br> ) <br> ) <br> ) <br> ) |

**COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now Cassandra Buckley ("Buckley"), on her own behalf and on behalf of those similarly situated, and brings this action against Defendant S.W.O.R.N. Protection LLC ("S.W.O.R.N.") and Michael DeLong ("DeLong") (together, "Defendants"), for violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and shows as follows:

**PARTIES**

1. Buckley is an individual who resides [] County, Indiana.

2. At the times relevant to her claims, Buckley was an employee of Defendants within the meaning of the FLSA.

3. S.W.O.R.N. is an Indiana limited liability company with its principal location at 5714 Saint Joe Road, Fort Wayne, Indiana.

4. At the times relevant to Buckley's claims, S.W.O.R.N. was her employer within the meaning of the FLSA.

5. DeLong is an individual who may be found at S.W.O.R.N.'s principal business location.

6. At the times relevant to Buckley's claims, DeLong was Buckley's employer within the meaning of the FLSA, inasmuch as he acted in the interest of an employer.

## JURISDICTION AND VENUE

7. This Court properly has jurisdiction to hear this case pursuant to 28 U.S.C. §1331 because Plaintiff asserts a claim arising under federal law, to wit, the FLSA.

8. This Court is a proper venue for this case pursuant to 28 U.S.C. §1391 because Defendants may be found in this district, and because a substantial portion of the events giving rise to Plaintiff's Complaint occurred in this district.

## FLSA COVERAGE

9. Defendant is an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

10. Defendant was an enterprise engaged in commerce or in the production of goods for commerce, inasmuch as Defendant had employees who handled, sold, or otherwise worked on goods or materials that have moved or been used in interstate commerce, and has annual gross volume of sales in excess of $500,000.00.

11. Plaintiff and those similarly situated are employees within the meaning of the FLSA, 29 U.S.C. §203(e)(1).

## FACTUAL ALLEGATIONS

12. Buckley worked for Defendants as a manager.

13. For her work, Defendants paid Buckley a salary.

14. When she started, her salary was $480.00 per week.

15. Buckley worked more than 40 hours in single workweeks.

16. Buckley worked more than 40 hours in single workweeks.

17. Defendants required, instructed, suffered, or permitted Buckley to work more than 40 hours in single workweeks.

18. S.W.O.R.N. did not pay Buckley one and one-half times her regular rate for hours in excess of 40 in a single workweek.

19. Buckley is informed and believes that other employees of S.W.O.R.N. also worked more than 40 hours in single workweeks.

20. Buckley is informed and believes that S.W.O.R.N. did not pay other employees one and one-half times their regular rates for hours in excess of 40 in a single workweek.

### COLLECTIVE ACTION FACTUAL ALLEGATIONS

21. Defendants maintained a policy, pattern, practice, or plan by which employees were not paid one and one-half times their regular rates for hours in excess of 40 in single workweeks.

22. Upon Plaintiff's information and belief, this policy, pattern, practice or plan was not unique to Plaintiff, but affected others employed by Defendant.

23. Upon Plaintiff's information and belief, Plaintiff and other employees employed by Defendant are similarly situated in that they were subjected to the same

policy, pattern, practice or plan by which they were not paid one and one-half times their regular rates for hours in excess of 40 in single workweeks.

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

24. Plaintiff, and those similarly situated, worked more than 40 hours in single workweeks.

25. Plaintiff, and those similarly situated, were not compensated at the rate of at least one and one-half times their regular rates for hours in excess of 40 in single workweeks.

26. Defendants' violated the FLSA by failing to pay employees at least one and one-half times their regular hourly rates for hours in excess of 40 in a single workweek.

27. Defendants acted willfully in violating the FLSA with respect to Plaintiff and those similarly situated.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff, on her own behalf and on behalf of those similarly situated, demands relief as follows:

1. Lost overtime wages;
2. Liquidated damages;
3. An order enjoining Defendants from further violations of the FLSA;
4. An order awarding Plaintiff's attorney's fees;
5. An order awarding the costs of this action;

6. An order awarding all other relief this Court deems necessary and proper in the premises.

/s/ Jason R. Ramsland
Jason Ramsland, #29443-29
Ramsland Law
8520 Allison Pointe Blvd Ste 223
PMB 65298
Indianapolis, Indiana 46250-4299
765.267.1240
jason@rams.land
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

/s/ Jason R. Ramsland

Jason R. Ramsland (#29443-29)