UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASSANDRA BUCKLEY, *individually and on behalf of those similarly situated*, | )<br>)<br>) |
| Plaintiff/Counter Defendant, | )<br>) |
| v. | )     Cause No. 1:20-cv-00357-HAB-SLC |
| S.W.O.R.N. PROTECTION LLC, *et al.*, | )<br>)<br>) |
| Defendants/Counter Claimants. | ) |

## OPINION AND ORDER

Before the Court are two motions to compel filed by Plaintiff on July 6, 2021 (ECF 14), and July 27, 2021 (ECF 15), seeking to compel Defendant S.W.O.R.N. Protection, LLC ("S.W.O.R.N."), to fully respond to her written discovery requests and to compel Defendant Michael DeLong to appear for his deposition.[1] Defendants have not filed a response to either motion, and the time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). For the following reasons, Plaintiff's first motion to compel (ECF 14) will be GRANTED and Plaintiff's second motion to compel (ECF 15) will be GRANTED IN PART and DENIED IN PART.

### A. Procedural Background

On October 14, 2020, Plaintiff filed this suit against Defendants alleging that she and others similarly situated were not properly compensated for work performed in excess of forty hours in a single week, in violation of the Fair Labor Standards Act. (ECF 1). The Court conducted a preliminary pretrial conference on December 2, 2020, and issued a Scheduling Order setting August 2, 2021, as the close of discovery. (ECF 11, 12; *see also* ECF 10).

---

[1] While the Court recognizes that Defendants have raised a counter-claim against Plaintiff (ECF 8); for ease of reference the Court will simply refer to the parties as "Plaintiff" and "Defendants" respectively.

On April 22, 2021, Plaintiff served upon Defendant S.W.O.R.N. sixteen interrogatories, ten requests for production, and five requests for admission. (ECF 14 at 1; ECF 14-1). On May 13, 2021, S.W.O.R.N. responded to the requests for admission but otherwise failed to respond. (ECF 14 at 1). After S.W.O.R.N. failed to respond to the outstanding requests by May 24, 2021—the deadline to do so, *see* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(a)—Plaintiff's counsel sent Defendants' counsel a letter on June 18, 2021, inquiring as to the status of S.W.O.R.N.'s responses and requesting to meet and confer in accordance with Federal Rule of Civil Procedure 37 and Local Rule 37-1 (ECF 14 at 1; ECF 14-2). Defendants' counsel responded by email on June 21, 2021, agreeing to fully respond by June 25, 2021. (ECF 14 at 2). After S.W.O.R.N. failed to respond by that date, Plaintiff sent Defendants' counsel another email inquiring as to the responses and again requesting a Rule 37 conference. (*Id.*). After S.W.O.R.N. and its counsel failed to respond to the email, Plaintiff filed the first motion to compel (ECF 14) and a certification detailing her attorney's attempts to confer in good faith (ECF 14-3). Plaintiff also requested that S.W.O.R.N. be sanctioned and that she be awarded attorney's fees. (ECF 14 at 3). S.W.O.R.N. subsequently responded to Plaintiff's interrogatories but has still failed to respond to the requests for production. (ECF 15 at 2).

Further, on July 6, 2021, Plaintiff served Defendants a notice of deposition by email, scheduling a deposition of Defendant DeLong on July 27, 2021, but offering to reschedule it if needed. (ECF 15 at 1; ECF 15-1). DeLong did not respond. (ECF 15 at 1). On July 19, 2021, Plaintiff's counsel served an updated notice of deposition by email correcting a scrivener's error in the original, which DeLong also failed to reply to. (*Id.*). After DeLong and his counsel failed to appear for the deposition, Plaintiff's counsel emailed Defendants' counsel requesting to meet and confer in accordance with Federal Rule 37 and Local Rule 37.1. (*Id.* at 2; ECF 15-1). Yet

again, Defendants failed to respond. (ECF 15 at 2; ECF 15-2 at 2). Consequently, Plaintiff filed the second motion to compel and a second certification that her attorney attempted to confer in good faith. (ECF 15; ECF 15-2). In the second motion, Plaintiff requested not only an award of attorney's fees but also entry of a default judgment and that Defendants' counter-claim be dismissed as a sanction. (ECF 15 at 2-3).

### B.  Applicable Law

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See Redmond v. Leatherwood*, No. 06-C-1242, 2009 WL 212974, at *1 (E.D. Wis. Jan. 29, 2009). Together with the motion to compel, a party must file "a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1(a); *see* Fed. R. Civ. P. 37(a)(1). "A motion to compel discovery pursuant to Rule 37(a) is addressed to the sound discretion of the trial court." *Redmond*, 2009 WL 212974, at *1 (citation omitted).

Rule 37(a) also provides that "the [C]ourt must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court, however, will not order the payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii); *see also Steadfast Ins. Co. v. Auto Mktg. Network, Inc.*, No. 97 C 5696, 1999 WL 446691, at *1 (N.D. Ill. June 23, 1999). "The burden of persuasion is on the losing party to

avoid assessment of expenses and fees, rather than on the winning party [to] obtain such an award." *Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, No. 07-CV-2077, 2008 WL 4330182, at *3 (C.D. Ill. Sept. 16, 2008) (citation and internal quotation marks omitted).

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), if a party "fails to obey an order to provide or permit discovery" the Court may issue sanctions including "dismissing the action or proceeding in whole or in part." Similarly, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Involuntary dismissal, however, is an extreme sanction which should be used sparingly. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). Further, "unlike a Rule 41(b) dismissal, a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Id.* at 1179.

### C.  Discussion

Based on Plaintiff's counsel's various letters and emails, Plaintiff has adequately attempted to confer in good faith with Defendants in an effort to resolve these matters without Court intervention. (*See* ECF 14 at 2; ECF 14-2; ECF 15-1); *see* Fed. R. Civ. P. 37(a)(1); N.D. Ind. L.R. 37-1(a). Defendants, however, appear to have simply ignored Plaintiff's outstanding discovery requests, Plaintiff's counsel's attempts to confer, and the two motions to compel. Consequently, Plaintiff's first motion to compel (ECF 14) will be GRANTED and second motion to compel (ECF 15) will be GRANTED IN PART. S.W.O.R.N. will be ORDERED to fully respond to Plaintiff's outstanding requests for production on or before September 7, 2021.

Defendant will be ORDERED to work with Plaintiff to schedule and complete his deposition on or before September 14, 2021.

Turning next to Plaintiff's requests for fees, the Court has already found that Plaintiff attempted to resolve these matters in good faith. Further, as Defendants have not filed a response to either motion, there is nothing to suggest that their reasons for failing to respond to the discovery requests or attend the deposition were "substantially justified," or that other circumstances exist that would make an award of expenses unjust. *See Priest v. Brummer*, No. 1:06-CV-65, 2007 WL 2904086, at *2 (N.D. Ind. Oct. 3, 2007) ("In the instant case, the Court granted the unopposed motion to compel, and even though Brummer was afforded an opportunity to be heard on the corresponding request for fees and expenses, he has apparently chosen to remain silent, suggesting that he has no objection."). "Nevertheless, the Court still must be satisfied that the amount requested in obtaining the order on the motion to compel is reasonable . . . ." *Id.* Here, though, Plaintiff does not provide the Court with the amount of fees she seeks to recover, or the means used to calculate that amount. *See id.* ("The Plaintiff, however, does not tell us anything about the copying costs she seeks to have assessed, such as when or why they were incurred, the number of pages copied or the per page charge, and thus we have no way of determining whether the copying expenses are reasonable." (citation omitted)). Accordingly, Plaintiff's requests for fees (ECF 14 at 3; ECF 15 at 3) will be PROVISONALLY GRANTED. Plaintiff is directed to file an affidavit on or before September 21, 2021, detailing the amount of fees she seeks to recover and how she arrived at that amount.

Plaintiff's request for entry of a default judgment and dismissal of Defendants' counter-claim (ECF 15 at 2-3), however, will be DENIED WITHOUT PREJUDICE. Based on the record before it, the Court is not convinced that a less drastic sanction than dismissal—such as an

award of attorney's fees—would be ineffective at spurring on discovery. Further, Defendants have not yet defied a discovery order as required by Federal Rule 37(b). Defendants are WARNED, however, that continued failure to participate in discovery may result in sanctions, up to and including a monetary sanction, entry of a default judgment in Plaintiff's favor, and dismissal of Defendant's counter-claim.

### *D. Conclusion*

In summary, Plaintiff's first motion to compel (ECF 14) is GRANTED and Plaintiff's second motion to compel (ECF 15) is GRANTED IN PART and DENIED IN PART. Defendant S.W.O.R.N. is ORDERED to fully respond to Plaintiff's outstanding requests for production on or before September 7, 2021. Defendant DeLong is ORDERED to work with Plaintiff to schedule and complete his deposition on or before September 14, 2021. Plaintiff's requests for fees as to each motion are PROVISIONALLY GRANTED. Plaintiff is afforded to and including September 21, 2021, to file an affidavit detailing her fee calculation. Plaintiff's request for entry of a default judgment and dismissal of Defendants' counter-claim is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Entered this 24th day of August 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge