UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASSANDRA BUCKLEY, *individually and on behalf of those similarly situated,* )<br>)<br>)<br>Plaintiff/Counter Defendant, )<br>)<br>v. )<br>)<br>S.W.O.R.N. PROTECTION LLC, *et al.*, )<br>)<br>Defendants/Counter Claimants. ) | Cause No. 1:20-cv-00357-HAB-SLC |

**OPINON AND ORDER**

Before the Court is a motion filed by Plaintiff on September 9, 2021, requesting the Court reopen discovery so that she may depose non-party Amy DeLong, and if necessary, Defendant S.W.O.R.N. Protection, LLC ("S.W.O.R.N."), pursuant to Federal Rule of Civil Procedure 30(b)(6).[1]  (ECF 18).  While Plaintiff initially reported that Defendants object to the motion (*id.* at 2), Defendants did not actually file a response until October 1, 2021 (ECF 19), after the deadline to do so had passed, N.D. Ind. L.R. 7-1(d)(3)(A).  On October 4, 2021, Plaintiff filed a reply.  (ECF 20).  For the following reasons, Plaintiff's motion (ECF 18) will be GRANTED.

### A. Background

Per the Court's scheduling Order, fact discovery closed on August 2, 2021.  (ECF 12). On July 6, 2021, and July 27, 2021, though, Plaintiff successfully moved to compel Defendant S.W.O.R.N. to respond to her discovery requests, and to compel Defendant Michael DeLong to schedule and complete his deposition.  (ECF 14 through ECF 16).  Accordingly, on August 24, 2021, the Court afforded Defendants to and including September 7, 2021, to respond to the

---

[1] While the Court recognizes that Defendants have raised a counter-claim against Plaintiff (ECF 8); for ease of reference the Court will simply refer to the parties as "Plaintiff" and "Defendants" respectively.

outstanding discovery requests, and Defendant DeLong until September 14, 2021, to complete his deposition. (ECF 16 at 6).

On September 2, 2021, Plaintiff deposed Defendant DeLong—the owner of Defendant S.W.O.R.N. (ECF 18 at 1). Defendant Delong, however, claimed that he did not know the answers to many of Plaintiff's questions but that his wife Amy Delong—who also worked for Defendant S.W.O.R.N.—would. (*Id.* at 1-2). Plaintiff, therefore, seeks to reopen discovery to depose Amy DeLong, and conduct a Rule 30(b)(6) deposition of Defendant S.W.O.R.N. if needed. (*Id.*).

In support of her motion, Plaintiff contends that she has made reasonable efforts to complete discovery in a timely manner but has been unable to do so due to Defendants' failure to cooperate. (*Id.* at 2). Defendants, in their belated response, contend that Plaintiff did not seek any written discovery until "literally at the end of the discovery period" and thus any delay in completing discovery is Plaintiff's fault. (ECF 19). In her reply, Plaintiff notes that she first sought written discovery on April 22, 2021, eighty-one days before the close of discovery, and asserts that if Defendants had timely responded to Plaintiff's discovery requests and if Defendant DeLong has appeared for his initially noticed deposition, then discovery could have been concluded within the initial deadline. (ECF 20).

### B. Legal Standard

The decision to reopen discovery rests within the broad discretion of the Court. *See Ty, Inc. v. Publ'ns Int'l, Ltd.*, 99 C 5565, 2003 WL 21294667, at *6 (N.D. Ill. June 4, 2003); *Reytblatt v. Nuclear Regul. Comm'n*, No. 86 C 385, 1991 WL 140920, at *2 (N.D. Ill. July 22, 1991). Generally, to extend a discovery deadline, the moving party must show good cause pursuant to Federal Rule of Civil Procedure 16. *See Webber v. Butner*, No. 1:16-cv-01169-JRS-

DLP, 2019 WL 6213143, at *1 (S.D. Ind. Nov. 21, 2019).  The good cause standard focuses on the diligence of the party seeking the extension.  *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997).

After the discovery deadline has passed, however, "a party seeking to reopen discovery must [also] show 'excusable neglect' for failing to complete discovery within the time allotted," pursuant to Federal Rule of Civil Procedure 6(b).  *Webber*, 2019 WL 6213143, at *1; *see also McCann v. Cullinan*, No. 11 CV 50125, 2015 WL 4254226, at *7 (N.D. Ill. July 14, 2015) ("[A]fter the deadline has expired, Rule 6 permits an extension only on a showing of both good cause *and* excusable neglect.").  Factors to consider when determining excusable neglect include: "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also United States v. Cates*, 716 F.3d 445, 448 (7th Cir. 2013) (stating that the *Pioneer* analysis is controlling wherever "excusable neglect" appears in federal procedural rules).

### C.  Analysis

Here, good cause exists to extend the discovery deadline.  As the Court noted in its August 24, 2021, Opinion and Order, Plaintiff initially attempted to depose Defendant DeLong on July 27, 2021—within the originally scheduled discovery deadline.  (ECF 16 at 2).  Only after Defendants failed to respond to Plaintiff's attempts to meet and confer did Plaintiff seek the Court's intervention.  (*Id.* at 2-3).  Plaintiff tried again to depose Defendant DeLong within the time allotted by the Court on September 2, 2021, and only moved to reopen and extend discovery

3

after learning that he was unable to answer her questions. (ECF 18). Still more, Plaintiff waited only seven day after deposing Defendant DeLong to file her motion.

While Defendants suggest Plaintiff was not diligent in waiting until April 22, 2021, to serve her written discovery requests and July 27, 2021, to depose Defendant DeLong, the Court disagrees. Plaintiff correctly notes that she properly served Defendants her discovery requests over two months prior to the close of the discovery. (*See* ECF 12 at 1). Further, as the Court recounted in its Opinion and Order on the motions to compel, Defendants failed to timely respond to Plaintiff's written discovery requests even after conferring with Plaintiff's counsel and agreeing to fully respond by June 25, 2021. (ECF 16 at 2). It was also not unreasonable for Plaintiff to wait until it had received Defendants' written discovery before deposing Defendant DeLong, nor was it unreasonable to believe that deposing Defendant DeLong—the owner of Defendant S.W.O.R.N.—alone would have been sufficient. Under such circumstances, then, Plaintiff acted diligently. In any event, Defendants' response is untimely and as such, their arguments in opposition to the motion are waived.

Further, Plaintiff has satisfied Rule 6's "excusable neglect" standard. As already discussed, the reason for the delay in completing discovery has primarily been Defendants' inaction, which is obviously outside of Plaintiff's control. There is nothing to suggest that any party would be unduly prejudiced by an extension or that Plaintiff has acted in bad faith. Finally, while reopening discovery will likely delay the eventual resolution of this case, it will only have a minimal effect on these proceedings. To date, no trial date or final pretrial conference has been set.

## *D. Conclusion*

In sum, the Court finds that Plaintiff has established excusable neglect in moving to reopen discovery, and good cause for extending the discovery deadline. Accordingly, Plaintiff's motion (ECF 18) is GRANTED. Plaintiff is afforded to and including November 22, 2021, to depose Amy DeLong, and if necessary, conduct a Rule 30(6)(b) deposition of Defendant S.W.O.R.N. Further, in light of this extended discovery deadline, the Court *sua sponte* resets the dispositive motion deadline to December 22, 2021.

SO ORDERED.

Entered this 7th day of October 2021.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge