UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASSANDRA BUCKLEY, *individually and on behalf of those similarly situated*, ) ) ) | |
| Plaintiff/Counter Defendant, ) ) | |
| v. ) ) | Cause No. 1:20-cv-00357-HAB-SLC |
| S.W.O.R.N. PROTECTION LLC, *et al.*, ) ) | |
| Defendants/Counter Claimants. ) | |

## **OPINION AND ORDER**

Before the Court is a motion filed by Defendants seeking to quash the deposition of non-party Amy Delong, filed on October 15, 2021, which for the reasons discussed *infra* the Court will treat as a motion for a protective order.[1] (ECF 22). Plaintiff filed a response on October 18, 2021. (ECF 23). Defendants have not filed a reply, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3). Also before the Court is Plaintiff's affidavit (ECF 17) detailing her counsel's fee request, filed in response to the Court's Opinion and Order (ECF 21) granting in full and in part her two motions to compel and provisionally granting her request for attorney's fees (ECF 14, 15). Defendants have not responded or otherwise objected to the Court's provisional award of fees or Plaintiff's fee calculation. Therefore, both the motion to quash and the fee request are ripe for adjudication.

For the following reasons, Defendants' motion to quash (ECF 22) will be DENIED, and Plaintiff's fee request will be GRANTED.

---

[1] While Defendants have raised a counter-claim against Plaintiff (ECF 8), for ease of reference the Court will simply refer to the parties as "Plaintiff" and "Defendants" herein.

*A. Background*

This is not the first discovery dispute between the parties to require the Court's attention. On July 6, 2021, Plaintiff filed a motion to compel Defendant S.W.O.R.N. Protection, LLC ("S.W.O.R.N."), to fully respond to her written discovery requests. (ECF 14). On July 27, 2021, Plaintiff filed a second motion to compel seeking to compel Defendant Michael DeLong to appear for his deposition. (ECF 15). Defendants failed to respond to either motion. On August 24, 2021, the Court granted both motions as to the discovery issue, but denied the July 27, 2021, motion to the extent it requested that Defendants' counter-claim be dismissed as a sanction. (ECF 16).

Because Plaintiff's motions were successful, though, the Court provisionally granted Plaintiff's request for attorney's fees incurred in bringing those motions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). (*Id.* at 3). But because Plaintiff did not specify the amount of fees she was requesting, and the Court must determine whether the requested fees are "reasonable," the Court directed Plaintiff's counsel to file an affidavit detailing her fee calculations. (*Id.* at 6). On August 25, 2021, Plaintiff's counsel filed her affidavit, requesting fees for 6.7 hours of work in relation to the motions to compel, at a rate of $260 per hour, plus a $150 sitting fee for the canceled deposition of Defendant DeLong, for a total request of $1,892. (ECF 17).

Unfortunately, Plaintiff's discovery difficulties did not end. After being compelled by the Court to do so, Defendant Michael DeLong sat for his deposition, but was unable to answer most of Plaintiff's counsel's questions while explaining that his wife—non-party Amy DeLong who also worked for Defendant S.W.O.R.N.—would be able to. (ECF 18). Because the discovery period had closed, Plaintiff moved to reopen and extend discovery to conduct a

Federal Rule 30(b)(6) deposition of Defendant S.W.O.R.N. or a deposition of Amy DeLong. (*Id.* at 1-2). The Court agreed that any delay in timely completing discovery on Plaintiff's part was due to excusable neglect pursuant to Federal Rule of Civil Procedure 6, and that good cause existed to extend the discovery deadline pursuant to Federal Rule of Civil Procedure 16. (ECF 21). Accordingly, the Court granted Plaintiff's motion (ECF 18)—over Defendants' untimely response in opposition (ECF 19)—and reopened discovery "to and including November 22, 2021, to depose Amy DeLong, and if necessary, conduct a Federal Rule 30(6)(b) deposition of Defendant S.W.O.R.N." (ECF 21 at 5).

The parties ultimately agreed to schedule a deposition of Amy DeLong pursuant to Federal Rule of Civil Procedure 30(b)(6) for October 18, 2021, at 1:00pm, and Plaintiff provided written notice of the deposition.[2] (ECF 22 ¶ 1; ECF 23 at 1). On October 15, 2021, Defendants filed the instant motion to quash explaining that Defendants' counsel learned on October 13, 2021, that Amy DeLong would be traveling on October 18, 2021, for a "family matter" and would be unable to sit for her deposition. (ECF 22 ¶¶ 4-5). Defendants assert that their counsel emailed Plaintiff's counsel on October 14, 2021, seeking to reschedule the deposition, but that Plaintiff's counsel refused "because it was already agreed to." (*Id.* ¶¶ 6-7).

---

[2] It is unclear what type of deposition was actually scheduled. Defendants allege that they are bringing their motion to quash pursuant to "Fed. R. Civ. [P.] 30(b)(6)" (ECF 22 at 1), and a screenshot of a reply email from Plaintiff's counsel provided to Defendants' counsel includes as a subject line "30(B)(6) [sic] Deposition of Amy DeLong" (ECF 23 at 3). Technically, though, Rule 30(b)(6) only provides for depositions of organizations—not individuals. Supposedly, then, Plaintiff is actually seeking to depose Defendant S.W.O.R.N., with Amy DeLong acting as its representative. If Plaintiff is seeking to depose non-party Amy DeLong in her personal capacity, Plaintiff must comply with Federal Rule of Civil Procedure 45's subpoena requirements.
Ultimately, though, Defendants do not clearly raise any arguments alleging that Amy DeLong was improperly subpoenaed pursuant to Rule 45 or that Defendant S.W.O.R.N. was not properly provided notice pursuant to Rule 30(b)(6). Accordingly, the Court will consider any such arguments as waived, and presume that Defendant S.W.O.R.N. was properly provided notice pursuant to Rule 30(b)(6) and that Amy DeLong was identified as its representative.

Plaintiff, in response, argues that Defendants' motion fails to comply with Northern District of Indiana Local Rule 37-1 which requires that a party moving to quash a deposition file a certification that they attempted to resolve the matter in good faith before seeking judicial intervention.  (ECF 23 at 1).  Further, Plaintiff explains that Defendants' counsel had emailed her counsel on October 13, 2021, supposedly declaring that the "agreed upon time would no longer work." (*Id.* at 3).  Plaintiff's counsel also provided a screenshot of her reply email, explaining that October 18, 2021, was "an agreed date that [Defendants' counsel provided] for which [Plaintiff's counsel] issued a notice [for] . . . and have made arrangements around." (*Id.*).  Defendants' counsel then allegedly did not respond to Plaintiff's counsel's calls or emails until October 18, 2021, when he left a message for Plaintiff's counsel explaining that Amy DeLong was "airborne." (*Id.* at 4).

### B.  Motion to Quash[3]

"[Federal] Rule 30(b)(6) does not set its own discovery standard.  Therefore, Federal Rule of Civil Procedure 26(b)(1) is the proper standard to resolve this dispute." *Hooker v. Norfolk S. Ry. Co.*, 204 F.R.D. 124, 126 (S.D. Ind. 2001).  Pursuant to Federal Rule 26(b)(1), a party may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  However, pursuant to Federal Rule 26(c)(1), a party may seek a protective order to protect itself from "annoyance, embarrassment, oppression, or undue burden or expense," provided the movant also files a certification that it had "in good faith conferred or attempted to confer with other affected parties

---

[3] For the reason discussed in note 2 *supra*, the Court presumes that Plaintiff sought to depose Amy DeLong as the representative of Defendant S.W.O.R.N. pursuant to Federal Rule 30(b)(6), and not as a non-party individual pursuant to Federal Rule 45(a)(1)(B).  As there is no subpoena to quash, the Court interprets Defendants' motion as one for a protective order pursuant to Federal Rule 26(b)(1), rather than a motion to quash pursuant to Federal Rule 45(d)(3).

4

in an effort to resolve the dispute without Court action." Similarly, Local Rule 37-1 requires that any party not proceeding *pro se* to file a certification that it has conferred in good faith to resolve the matter in good faith which includes: "(1) the date, time, and place of any conference or attempted conference; and (2) the names of the parties participating in the conference."

As an initial matter, Defendants' motion fails to include a separate certification that they had attempted to resolve this matter in good faith, and as a result, it is procedurally deficient pursuant to Federal Rule 26(c) and Local Rule 37-1.  Even if Defendants' counsel had emailed Plaintiff's counsel and "suggested other dates, along with times, to conduct the deposition" as they claim (ECF 22 ¶ 6), this would be insufficient.  *See Thompson v. City of Fort Wayne*, No. 1:12-CV-183, 2013 WL 2898275, at *1 (N.D. Ind. 2013) ("[A] single e-mail sent to counsel, and that counsel's response, falls utterly short of a good faith attempt at a conference."); *see also Forest River Hous., Inc. v. Patriot Homes, Inc.,* No. 3:06-CV-841 AS, 2007 WL 1376289, at *2 (N.D. Ind. 2007) ("[T]wo emails . . . do not constitute meaningful discussion or serious negotiations to resolve the disputed discovery issue.").

In any event, as the parties seeking a protective order, Defendants bear the burden of showing good cause. *Tuszkiewicz v. Allen Bradley Co.*, 170 F.R.D. 15, 16 (E.D. Wis. 1996). Defendants completely fail to do so.  Defendants do not suggest that they failed to receive proper notice of the October 18, 2021, deposition.  Indeed, Defendants report that they agreed to that date.  (ECF 22 at 1).  Nor do Defendants attempt, much less show, how the October 18, 2021, deposition would have resulted in "annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).  The only explanation Defendants offer is that their counsel learned on October 13, 2021, that Amy DeLong would be unavailable on October 18, 2021.  (ECF 22 ¶ 4).  But scheduling conflicts alone do not permit a party to disregard its

5

discovery responsibilities. Defendants' counsel had a duty pursuant to Local Rule 30-1(a) to "try in good faith to schedule depositions to avoid calendar conflicts." Defendants do not suggest that the "family matter" referenced in their motion was a sudden, unplanned, or emergency matter that could not have been planned around.[4] Accordingly, Defendants' motion to quash will be DENIED.

### C. Request for Fees

As the Court explained in its August 24, 2021, Opinion and Order granting Plaintiff's motions to compel, "the [C]ourt must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (ECF 16 at 3 (quoting Fed. R. Civ. P. 37(a)(5)(A)). "Nevertheless, the Court still must be satisfied that the amount requested in obtaining the order on the motion to compel is reasonable . . . ." *Priest v. Brummer*, No. 1:06-CV-65, 2007 WL 2904086, at *2 (N.D. Ind. Oct. 3, 2007).

"Reasonable attorney fees under Rule 37 are calculated using the 'lodestar' method, which is a reasonable hourly rate multiplied by the hours reasonably expended." *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015). "A reasonable rate is one 'derived from the market rate for the services rendered.'" *Id.* (quoting *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011)). "The Court must also determine whether an attorney's requested award is for hours reasonably spent." *Zimmer, Inc. v. Beamalloy Reconstructive Med. Prods., LLC*, No. 1:16-cv-00355-HAB-SLC, 2019 WL 2635944, at *4 (N.D. Ind. June 27, 2019). "Ultimately, the party seeking an award of

---

[4] In fact, Plaintiff's recently filed motion for sanctions and its supplement—which includes a picture of Defendant Mark DeLong and Amy DeLong in swim attire sitting on a beach with drinks in hand—suggest otherwise. (ECF 24, 25).

attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013).

While it is Plaintiff's burden to show the requested fees are reasonable, "where, as here, [an attorney] provide[s] the rates actually billed, the burden shifts to the party opposing the fee award to demonstrate why a lower rate should be awarded." *Zimmer, Inc.*, 2019 WL 2635944, at *7; *see also Davis v. Lakeside Motor Co.*, No. 3:10-CV-405 JD, 2014 WL 3341033, at *2 (N.D. Ind. July 7, 2014) ("The Court presumes that an attorney's actual billing rate for similar litigation is appropriate to use as the market rate."). Defendants have not responded to Plaintiff's affidavit, and accordingly, the Court need not consider any further evidence. *Id.* Regardless, Plaintiff's hourly rate of $260 is within the range courts within this Circuit have approved for similar work. *See Houston v. C.G. Sec. Servs., Inc.*, 820 F.3d 855, 860 (7th Cir. 2016) (affirming the district court's award of fees at a rate of $250 per hour); *Struve v. Gardner*, No. 1:19-cv-04581-RLY-MJD, 2021 WL 1948868, at *2 (S.D. Ind. May 14, 2021) (finding rates ranging from $285 to $645 per hour reasonable); *Davis*, 2014 WL 3341033, at *3 (finding a rate of $315 per hour reasonable); *Young v. Accts. Recovery Bureau*, No. 1:11-cv-255 WTL-DKL, 2012 WL 3764014, at *2 (S.D. Ind. Aug. 8, 2012) (finding a rate of $250 per hour reasonable).

Further, the 6.7 hours Plaintiff's counsel billed for efforts to resolve the discovery dispute and bring the two motions to compel are also reasonable. Plaintiff's counsel billed 1.1 hours for preparing a Rule 37 letter in an attempt to resolve the discovery dispute, another .3 hours to follow up on that letter, 2 hours preparing the first motion to compel, .8 hours preparing for and attending the initially noticed deposition of Defendant DeLong, and 2.5 hours preparing the second motion to compel. (ECF 17). As to the time billed for preparing the Rule 37 letter and

attempting to resolve the discovery dispute, "courts in the Seventh Circuit have recognized that these sorts of tasks are made necessary by the opposing party's failure to provide the requested discovery, and may be included in attorney fees." *Rackemann v. LISNR, Inc.*, No. 1:17-CV-00624-MJD-TWP, 2018 WL 3328140, at *6 (S.D. Ind. July 6, 2018).  Plaintiff's counsel reasonably billed just 4.5 hours for preparing the two motions to compel, which totaled 6 pages excluding certifications of service and exhibits.  *See Struve*, 2021 WL 1948868, at *3 ("[B]illing approximately one hour per page is not unreasonable on its face." (collecting cases)).

Plaintiff's counsel is also entitled to recover for the time and expense spent preparing for the first canceled deposition of Defendant DeLong.  *See* Fed. R. Civ. P. 30(g); *see also Alvarado v. Rainbow Inn, Inc.*, 312 F.R.D. 23, 28 (D.D.C. 2015) (awarding court reporter fees after the defendants failed to attend their deposition); *Hulvat v. Royal Indem. Co.*, 277 F. Supp. 769, 771 (E.D. Wis. 1967) ("[D]efendants shall be required to pay to the plaintiff the sum of One Hundred Dollars ($100.00) to apply toward his counsel's expenses attendant to taking the deposition . . . .").  In any event, because Defendants "did not respond to the fee [affidavit], [they have] not suggested that any work performed by [Plaintiff's attorney] was not reasonably performed or was somehow excessive or redundant." *P.E.T.A., Inc. v. Wildlife in Need & Wildlife in Deed, Inc.*, No. 4:17-cv-0186-RLY-DML, 2020 WL 6888311, at *1 (S.D. Ind. Oct. 1, 2020).  As such, Plaintiff's request for attorney's fees as laid out in Plaintiff's counsel's fee affidavit (ECF 17) will be GRANTED.

### D.  Conclusion

In summary, Defendants failed to provide a certification that they attempted to resolve this discovery dispute in good faith before seeking judicial intervention and did not give any valid reason why Plaintiff's previously scheduled deposition of Amy DeLong should be delayed

or otherwise limited.  Accordingly, Defendants' motion to quash (ECF 22)—which the Court interprets as a motion for a protective order—is DENIED.  Defendants are ORDERED to complete the deposition of Amy DeLong within 30 days of this Opinion and Order.  Further, because the rate and hours billed by Plaintiff's counsel for work performed in relation to Plaintiff's two successful motions to compel (ECF 14, 15) are reasonable, Plaintiff's fee request as detailed in her counsel's affidavit (ECF 17) is GRANTED.  Defendants are ORDERED to pay Plaintiff $1,892 within 30 days.

    SO ORDERED.

    Entered this 9th day of November 2021.

    /s/ Susan Collins
    Susan Collins
    United States Magistrate Judge