UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **CASSANDRA BUCKLEY**, *individually and on behalf of those similarly situated,*  )<br><br>)<br>Plaintiff/Counter-Defendant,  )<br><br>)<br>v.  )<br><br>)<br>**S.W.O.R.N. PROTECTION LLC**, *et al.*,  )<br><br>)<br>Defendants/Counter-Claimants.  ) | Cause No. 1:20-cv-00357-HAB-SLC |

## OPINION AND ORDER

Before the Court is a motion for sanctions filed by Plaintiff on October 21, 2021.[1] (ECF 24). The following day, Plaintiff filed a supplement to her initial motion. (ECF 25). Defendants have not responded to either filing, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A). For the following reasons, Plaintiff's motion (ECF 24) will be GRANTED IN PART.

*A. Background*

Plaintiff's motion represents the latest in a long running series of discovery disputes addressed by the Court in this matter. (*See* ECF 16, 21, 26). Most pertinent to the current motion is the Court's October 7, 2021, Opinion and Order (ECF 21) granting Plaintiff's motion (ECF 18) to re-open discovery and extend the discovery period to November 22, 2021, to permit the deposition of non-party Amy DeLong, wife of Defendant Michael DeLong.[2] Based on the uncontested record before the Court, on October 7, 2021, Plaintiff's counsel contacted

---

[1] While Defendants have raised a counter-claim against Plaintiff (ECF 8), for ease of reference the Court will simply refer to the parties as "Plaintiff" and "Defendants" herein.

[2] Technically the deposition was scheduled as a deposition of Defendant S.W.O.R.N. Protection, LLC, pursuant to Federal Rule of Civil Procedure 30(b)(6) with Amy DeLong acting as its representative. (*See* ECF 21 at 1; ECF 26 at 3 n.3).

Defendants' counsel, who agreed to schedule the deposition for October 18, 2021. (ECF 24 at 1). Accordingly, Plaintiff noticed the deposition for that date. (ECF 24 at 1). After close of business on October 13, 2021, Defendants' counsel contacted Plaintiff's counsel demanding that the deposition be rescheduled, which Plaintiff refused to do. (*Id.*). Two days later, Defendants filed a motion to quash seeking to preclude the deposition of Amy DeLong, where Defendants' counsel explained that he learned on October 13, 2021, after business hours, that Amy DeLong would be traveling out of state on a family matter on October 18, 2021. (ECF 22 ¶ 4).

After Amy DeLong did not appear at the October 18th deposition, Plaintiff filed the instant motion for sanctions on October 21, 2021. (ECF 24). In her motion, Plaintiff notes that this the third time a deponent has failed to appear for a deposition and that she has already been forced to bring two separate motions to compel Defendants to cooperate with discovery. (ECF 24 at 2-3; *see* ECF 14 through 16; ECF 18 at 1). Still more, in her supplement, Plaintiff attaches a screenshot from a Facebook post—posted on October 22, 2021—showing both Defendant DeLong and Amy DeLong tagged in a photo on a beach. (ECF 25). Plaintiff seeks sanctions against Defendants in the entry of a default judgment in her favor and dismissal of Defendant's counterclaims, or '[a]t the very least . . . her attorney's fees . . . ." (ECF 24 at 4).

On November 9, 2022, the Court denied Defendants' motion to quash—which it interpreted as a motion for a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1)—finding that Defendants had failed to establish "good cause" to preclude the deposition. (ECF 26). In the same Opinion and Order, the Court granted Plaintiff's request for attorney's fees incurred in making two successful motions to compel (ECF 14; ECF 15) pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), and ordered Defendants to pay Plaintiff $1,892 in attorney's fees within thirty days. (ECF 26 at 9; *see also* ECF 16 at 3).

## B.  Legal Standard

Plaintiff does not identify what legal theory she is seeking sanctions under.  Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) and (vi), if a party "fails to obey an order to provide or permit discovery" the Court may issue sanctions including "dismissing the action or proceeding in whole or in part" or "rendering a default judgment against the disobedient party . . . ."  Similarly, pursuant to Rule 37(d), the Court may impose any of the sanctions contemplated by Rule 37(b)(2)(A) against a party whose designated Rule 30(b)(6) representative "fails, after being served with proper notice, to appear for [her] deposition."  Instead of or in addition to those sanctions, the Court must order the party (or the attorney advising that party, or both) to pay "the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

Pursuant to Federal Rule of Civil Procedure 37(d)(2), "a failure [to attend a deposition] is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under [Federal Rule of Civil Procedure] 26(c)."  Accordingly, some courts have found a pending motion for a protective order to preclude the imposition of sanctions for failing to attend a deposition.  *See Wilson v. Kautex, A Textron Co.*, No. 1:07CV60, 2008 WL 189568, at *2 (N.D. Ind. Jan. 17, 2008) ("Consequently, since there was a motion for a protective order pending . . . the Court must deny [the defendant's] request for sanctions." (citing Fed. R. Civ. P. 37(d)(2))).  "However, other courts have found that Rule 37(d)(2) does not automatically exempt a party from sanctions; rather, it expresses that at a minimum, a motion for a protective order must be pending if a party seeks to excuse its failure to appear on the objectionable nature of the deposition."  *Knowlton v. City of Wauwatosa*, No. 20-CV-1660, 2021 WL 3706783, at *5 (E.D. Wis. Aug. 20, 2021) (collecting cases).

"Apart from the discovery rule, a court has the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). This includes the authority to dismiss an action for discovery abuses. *See* 10A Alexa Ashworth, *et al.*, Federal Procedure, Lawyer's Edition § 26:710. Still more, "[i]f the [counter-claimant] fails to prosecute or to comply with these rules or a court order, a [counter-defendant] may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); *see also* Fed. R. Civ. P. 41(c). Involuntary dismissal, however, is an extreme sanction which should be used sparingly. *See Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). Further, "unlike a Rule 41(b) dismissal, a Rule 37(b) dismissal requires both a failure to comply with a discovery order and a showing of willfulness, bad faith or fault." *Id.* at 1179.

## C.  Analysis

Under any theory, involuntary dismissal of Defendants' counter-claim and entry of a default judgment is not appropriate here. To begin, it is not clear that Defendants ignored a Court Order to permit discovery as required by Rule 37(b).[3]

Even if they did, Defendants' conduct does not support dismissal of their claims and entry of a default judgment. While Defendants may care little about this litigation—as suggested

---

[3]  The Court's October 7, 2021, Opinion and Order re-opened discovery to permit Plaintiff the opportunity to depose Amy DeLong or conduct a Rule 30(b)(6) deposition, but did not specifically order Defendants to submit to the Rule 30(b)(6) deposition. (ECF 21). While "a formal, written order to comply with discovery requests is not required under Rule 37(b)," it could be argued that the Court's ruling left open the possibility of a motion for a protective order and thus did not "unequivocally [direct Defendants] to provide the requested discovery." *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994).

4

by their lackadaisical responses to written discovery and by failing to inform their attorney until less than a week before a properly noticed deposition that their Rule 30(b)(6) representative would be traveling out of state—the failure of Amy DeLong to attend the deposition appears to have been caused by a scheduling conflict rather than a bad faith or willful attempt to avoid discovery obligations. Indeed, this is not a circumstance where Plaintiff's counsel was unaware of the conflict. Defendants' counsel notified Plaintiff's counsel of the conflict five days in advance of the deposition and filed a motion to quash the deposition two days later. (ECF 22). While Defendants on this record are at fault, their conduct does not rise to the level of "extraordinarily poor judgment" or "gross negligence" that might constitute fault supporting dismissal. *See Ramirez*, 845 F.3d at 776 (citations omitted). Further, as to Rule 41, the Court is not convinced that a "less drastic" sanction would be insufficient.

  Nevertheless, Defendants' failure to complete the initially noticed deposition "was the result of at least negligence, which is a degree of fault sufficient for imposing sanctions." *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642-43 (7th Cir. 2011). While Defendants did file a motion to quash (ECF 22)—which the Court interpreted as a motion for protective order—the Court agrees with the *Knowlton* court that this should not automatically preclude the imposition of sanctions. As the Court explained in its November 9, 2021, Opinion and Order, Defendants' motion was procedurally deficient and "completely fail[ed]" to make a showing of good cause in support of entry of a protective order. (ECF 26 at 5). It is hard to see why the filing of a meritless motion would be enough to preclude sanctions. *See* Fed. R. Civ. P. 37(d) advisory committee notes to 1993 amendment ("[I]t is the pendency of a motion for protective order that may be urged as an excuse for a violation of [the duty to attend a deposition]. . . . [I]it should be noted that the filing of a motion under Rule 26(c) is not self-executing--the relief authorized under that rule depends on obtaining the court's order to that effect.").

5

Indeed, there is nothing of record to suggest that Amy DeLong's failure to attend the Rule 30(b)(6) deposition—even if due to scheduling difficulties—was substantially justified. *See Little v. JB Pritzker for Governor*, No. 18 C 6954, 2021 WL 1165097, at *7 (N.D. Ill. Mar. 26, 2021); *Pain Ctr. of SE Ind., LLC v. Origin Healthcare Sols. LLC*, No. 1:13-CV-00133, 2015 WL 5552646, at *2-3 (S.D. Ind. Sept. 17, 2015). Given Defendant DeLong's prior two failures to attend properly noticed depositions, an award of fees would not be unjust. *See DR Distribs., LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 960 (N.D. Ill. 2021) (noting "the 'unjust circumstances' standard focuses on conduct of the moving party" (citation omitted)). Accordingly, Rule 37(d)'s requirements are met.[4]

The Court will therefore PROVISIONALLY GRANT Plaintiff's motion (ECF 24) IN PART, impose the sanctions contemplated by Rule 37(d)(3), and order Defendants to pay Plaintiff's "reasonable expenses, including attorney's fees, caused by the failure" to attend the initially noticed deposition.[5]

### D.  Conclusion

In summary, Plaintiff's motion for sanctions (ECF 24) is GRANTED IN PART. Plaintiff is afforded to and including February 10, 2022, to file an affidavit detailing her fees and expenses calculation. Plaintiff's request for entry of a default judgment and dismissal of Defendants' counter-claim, however, is DENIED.

SO ORDERED.  Entered this 3rd day of February 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[4] Plaintiff has filed a certification (ECF 24-1) that she attempted to resolve this matter in good faith before bringing it to the Court's attention as required by Rule 37(d)(1)(B) and this Court's Local Rule 37-1(a).

[5] As was the case with Plaintiff's initial fee request in relation to the motions to compel, the Court must first determine whether Plaintiff's requested fees and expenses are "reasonable." (*See* ECF 16 at 5).