UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CASSANDRA BUCKLEY, *individually and on behalf of those similarly situated,* | ) ) ) |
| Plaintiff/Counter-Defendant, | ) ) |
| v. | ) ) Cause No. 1:20-cv-00357-HAB-SLC |
| S.W.O.R.N. PROTECTION LLC, *et al.*, | ) ) |
| Defendants/Counter-Claimants. | ) |

**OPINION AND ORDER**

Before the Court is an affidavit (ECF 33) filed on February 9, 2022, by Plaintiff's counsel in response to the Court's February 3, 2022, Opinion and Order (ECF 32), granting Plaintiff's motion for sanctions (ECF 24) in part and provisionally granting an award of attorney's fees and costs.[1] Defendants have not responded or otherwise objected to the Court's provisional award of fees or Plaintiff's fee calculation. For the following reasons, Plaintiff's fee request will be GRANTED IN PART.

*A. Background*

Plaintiff's fee request stems from a series of discovery disputes that the Court has already described in past rulings. (*See* ECF 16, 21, 32). By way of brief background, though, on October 21, 2021, Plaintiff moved that the Court dismiss Defendants' counter-claim and enter a default judgment in her favor after Amy DeLong—the Federal Rule of Civil Procedure 30(b)(6) representative of Defendant S.W.O.R.N. Protection, LLC ("S.W.O.R.N.")—failed to appear for her properly noticed deposition. (ECF 24; *see also* ECF 25). While Defendants had filed a

---

[1] While Defendants have raised a counter-claim against Plaintiff (ECF 8), for ease of reference the Court will simply refer to the parties as "Plaintiff" and "Defendants" herein.

motion to quash the deposition (ECF 22) on October 15, 2021—which the Court interpreted as a motion for a protective order—the Court ultimately found that the motion was procedurally deficient and failed to establish "good cause" for preventing or delaying the deposition (ECF 26 at 4-6).  Nevertheless, the Court determined that Defendants' conduct did not warrant the involuntary dismissal of their counter-claim or entry of a default judgment pursuant to Federal Rules of Civil Procedure 37(b), 41(b), or the Court's inherent authority.  (ECF 32).

The Court did, however, provisionally grant an award of fees and costs pursuant to Federal Rule of Civil Procedure 37(d).  (*Id.* at 6); *see also* Fed. R. Civ. P. 31(d) ("The [C]ourt . . . may, on motion, order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for [her] deposition. . . . [and] must require the party failing to act, the attorney advising that party, or both. to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").  Accordingly, the Court directed Plaintiff to submit an affidavit detailing her counsel's fee calculation.  (ECF 32 at 6).  This was the second time the Court had directed Plaintiff to submit a fee affidavit, having previously awarded Plaintiff her attorney's fees and costs incurred bringing two successful motions to compel (ECF 14, 15) following Defendant S.W.O.R.N.'s failure to respond to written discovery and Defendant Michael DeLong's failure to attend his deposition.  (ECF 16; *see also* ECF 26).  In his affidavit, Plaintiff's counsel requests fees for 11.3 hours of work at a rate of $285 per hour, plus a $262.50 court reporter sitting fee, for a total request $3,483.00.  (ECF 33).

### B.  Legal Standard

As the Court has explained in its Opinion and Order approving Plaintiff's prior fee requests*,* "[r]easonable attorney fees under Rule 37 are calculated using the 'lodestar' method,

which is a reasonable hourly rate multiplied by the hours reasonably expended." (ECF 26 at 6 (quoting *L.H.H. ex rel. Hernandez v. Horton*, No. 2:13-CV-452-PRC, 2015 WL 1057466, at *1 (N.D. Ind. Mar. 10, 2015)). Accordingly, the Court must determine whether both the rate and the hours billed by Plaintiff's counsel are reasonable. (*See id*. at 6-7). "Ultimately, the party seeking an award of attorneys' fees bears the burden of proving the reasonableness of the hours worked and the hourly rates claimed." (*Id.* (quoting *Bratton v. Thomas L. Firm, PC*, 943 F. Supp. 2d 897, 902 (N.D. Ind. 2013)). The Court, however, can only award fees caused by the opposing party's misconduct—not work which would have been performed regardless. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017) ("[W]hen the cost[ ] would have been incurred in the absence of the discovery violation, then the court (possessing only the power to compensate for harm the misconduct has caused) must leave it alone." (second alteration in original) (citation and internal quotation marks omitted)).

### C.  Analysis

The Court can quickly deal with the matter of Plaintiff's counsel's rate. While Plaintiff's counsel's rate of $285 per hour appears to have increased from his prior request for fees (*see* ECF 17 ($260 per hour)), once again "Defendants have not responded to Plaintiff's affidavit, and accordingly, the Court need not consider any further evidence." (ECF 26 at 7). In any event, Plaintiff's counsel's current rate remains well within the range of rates courts within this Circuit have approved for similar work. (*See id.* (collecting cases)). Similarly, as was the case when the Court last awarded Plaintiff fees, Plaintiff is entitled to recover the court reporter's sitting fee. (*Id.* at 8); *see also Doe 1 v. City of Chi.*, No. 18-CV-3054, 2019 WL 5290899, at *10 (N.D. Ill. Oct. 18, 2019).

Plaintiff's requested hours, however, will be reduced in part. In particular, the Court will exclude the 2.3 hours Plaintiff's counsel billed for "prepar[ing] for deposition of Amy DeLong" (ECF 33 at 1), as Plaintiff's counsel would have needed to prepare for the deposition regardless. *See Franzen v. Ellis Corp.*, No. 03 C 0641, 2004 WL 421954, at *1 (N.D. Ill. Feb. 12, 2004) ("The five hours spent by Barancik preparing and traveling to the depositions are not recoverable because these costs would have been incurred by the Defendant []regardless of any sanctionable conduct."); *see generally Primex, Inc. v. Visiplex Techs., Inc.*, No. 05-C-515-S, 2006 WL 538992, at *3 (W.D. Wis. Feb. 24, 2006).

The remaining 9 hours of time billed, however, appear reasonable, and in any event, "because Defendants 'did not respond to the fee [affidavit], [they have] not suggested that any work performed by [Plaintiff's attorney] was not reasonably performed or was somehow excessive or redundant." (ECF 26 at 8 (quoting *P.E.T.A., Inc. v. Wildlife in Need & Wildlife in Deed, Inc.*, No. 4:17-cv-0186-RLY-DML, 2020 WL 6888311, at *1 (S.D. Ind. Oct. 1, 2020)). Accordingly, Plaintiff may recover $2,565 in attorney's fees, plus the $262.50 court reporter sitting fee, for a total of $2,827.50.

### D.  Conclusion

In conclusion, Plaintiff's counsel's fee request is reasonable, but some of the hours billed are for non-compensable tasks. As such, Plaintiff's fee request as detailed in her counsel's affidavit (ECF 33) is GRANTED IN PART. Defendants are ORDERED to pay Plaintiff $2,827.50 within 30 days of this Opinion and Order.

SO ORDERED.

Entered this 31st day of March 2022.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge